Eulala McCormick et al., Appellees, v. J. H. Decker et al., Appellants.

(Not to be reported in full.)

Appeal from the Circuit Court of Shelby county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the April term, 1914. Reversed and remanded. Opinion filed April 16, 1915. Rehearing denied May 26, 1915. Opinion modified and refiled June 29, 1915.

### Statement of the Case.

An action by Eulala McCormick and others against J. H. Decker and others under section 9 of the Dramshop Act (J. & A. ¶ 4609) for an injury to their means of support caused by the death of their father resulting from habitual intoxication produced by liquors sold to him by appellants. Plaintiffs recovered a judgment against the defendant in the sum of $6,000, and the latter appeals.

The mother of appellees was permitted to testify that, prior to the time deceased began to drink to excess, his demeanor and conduct towards the appellees was very kind, but that after he began to so use intoxicating liquors, and while he was under the influence thereof, his habits with reference to attention, care, watchfulness and service to the children were very careless, and that he paid but little attention to them.

A witness on cross-examination was asked whether he was convicted for selling intoxicating liquors during the year 1909—1910, and answered that he had been convicted in 1913.

Numerous checks drawn by deceased and payable to the various appellants were admitted in evidence upon the statement of counsel for appellee that further evidence would be produced to prove that they were given in payment for intoxicating liquor sold by them, re-

spectively, to the deceased. A number of these checks bear date at a time when there were no licensed saloons in the town where deceased and appellants resided, and while appellants were conducting other kinds of business; and with possibly one exception, they were not connected by any evidence with sales of liquor to deceased.

The first instruction on behalf of appellees is a verbatim copy of all that portion of section 9 which has any application to the case. It is insisted that the instruction is bad because it did not set out the entire section. The jury were instructed to consider all the instructions together as a series, and by other instructions given on behalf of appellants the jury were told that they could not find appellants, or either of them, guilty unless appellees proved by the evidence that they had been injured in their means of support, and the damages were limited solely to such as they suffered in their means of support.

The tenth instruction given on behalf of appellees attempted to define the weight and credit that should be given to the witnesses, and concluded as follows: "And you should give to the testimony of such witness, if any there be, only such weight and credit as you shall believe him entitled to under all the circumstances surrounding the case."

Counsel for appellees in his closing argument to the jury said: "The intoxicating liquors sold to McCormick caused his death, and defendants are murderers."

W. H. NELMS, E. P. DRENNAN and CHAFEE & CHEW, for appellants.

F. M. GUINN and W. H. WHITAKER, for appellees.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. INTOXICATING LIQUORS, § 232*—*elements of damages in civil damage action.* Damages accruing only from loss to a person's means of support can be recovered in an action under section 9 of the Dramshop Act (J. & A. ¶ 4609).

2. INTOXICATING LIQUORS, § 216*—*when evidence admissible in civil damage action as to conduct of father towards children.* Evidence as to attention, care, watchfulness and services given by a father when intoxicated, to his children, is not admissible in an action by them under section 9 of the Dramshop Act (J. & A. ¶ 4609) against a person for making sale of liquor to their father.

3. INTOXICATING LIQUORS, § 216*—*when erroneous admission of evidence in civil damage action cured by instruction.* Since an action under section 9 of the Dramshop Act (J. & A. ¶ 4609), for injuries sustained by children by sales of liquor to their father, is confined to the injury suffered in their means of support, proof of the conduct of the parent, when intoxicated, towards his children is incompetent, and its admission is not cured by an instruction correctly limiting their damages.

4. WITNESSES, § 304*—*how witness' conviction of crime shown.* Proof of the conviction of witness of an infamous crime may, for the purpose of impeachment, be shown by his admissions on the stand, or proven like any other fact.

5. INTOXICATING LIQUORS, § 223*—*when witness impeachable by conviction under Dramshop Act.* A witness in an action under section 9 of the Dramshop Act (J. & A. ¶ 4609), by children to recover for injuries caused by sales of liquor to their father, cannot be impeached by showing his conviction for selling intoxicating liquor, since not an infamous crime.

6. APPEAL AND ERROR, § 542*—*when motion to strike essential to review of nonresponsive answer of witness.* Error cannot be predicated on a voluntary nonresponsive answer to a question on the cross-examination of a witness, where no motion was made by the opposite party to exclude it.

7. INTOXICATING LIQUORS, § 208*—*when checks given defendant admissible in civil damage action.* Checks drawn by a parent and payable to the defendants in an action by the drawer's children under section 9 of the Dramshop Act (J. & A. ¶ 4609), for loss occasioned by the death of their father, are not admissible where the defendants were not engaged in selling liquor at the date of the checks, and it was not shown that the checks were given in payment for intoxicating liquors.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

8. INTOXICATING LIQUORS, § 249*—*when instruction based on civil damage act sufficient.* An instruction in an action under section 9 of the Dramshop Act (J. & A. ¶ 4609), by children to recover for the injury to their means of support by the death of their father, based on that portion of such section which is applicable to the case, *held* not erroneous, where the jury were instructed as to the true measure of damages in other portions of the charge.

9. INSTRUCTIONS, § 96*—*instruction as to weight and credit to be given testimony.* An instruction in an action by children under section 9 of the Dramshop Act (J. & A. ¶ 4609), that such weight and credit should be given the testimony of witnesses as the jury should believe them entitled to under all the circumstances of the case, *held* erroneous.

10. INTOXICATING LIQUORS, § 247a*—*when argument of counsel erroneous in civil damage action.* An argument by the plaintiffs' counsel to the jury in an action under section 9 of the Dramshop Act (J. & A. ¶ 4609), that the intoxicating liquors sold the plaintiffs' father was the cause of his death, and that the defendants were murderers, *held* prejudicial to the defendants.